DELO BROCK,                                )
                                           )
        Petitioner/Appellant,              )
                                           )    Appeal No.
                                           )    01-A-01-9503-CH-00078
VS.                                        )
                                           )    Davidson Chancery
                                           )    No. 94-2046-III
TENNESSEE DEPARTMENT OF                     )
CORRECTION,                                )
                                           )
        Respondent/Appellee.               )

**FILED**

Nov. 13, 1995

Cecil Crowson, Jr.
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

APPEALED FROM THE CHANCERY COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE ROBERT S. BRANDT, CHANCELLOR

DELO BROCK, #88857
Middle Tennessee Reception Center
7177 Cockrill Bend Road
Nashville, Tennessee  37209-1005
        Pro Se/Petitioner/Appellant

CHARLES W. BURSON
Attorney General and Reporter

PATRICIA C. KUSSMANN
Assistant Attorney General
404 James Robertson Parkway
Suite 2000
Nashville, Tennessee  37243
        Attorney for Respondent/Appellee

AFFIRMED AND REMANDED

BEN H. CANTRELL, JUDGE

CONCUR:
TODD, P.J., M.S.
LEWIS, J.

## MEMORANDUM OPINION[1]

The Chancery Court of Davidson County dismissed the appellant's petition for declaratory judgment, filed pursuant to Tenn. Code Ann. § 4-5-223, to review the Department of Correction's calculation of the credits due on his prison sentences. The chancellor concluded that the appellant had failed to exhaust his administrative remedies.

It appears from the record that the appellant first sought a declaratory judgment from the Department of Correction. On May 18, 1994 the Department advised him that the information he sought should be pursued through departmental channels. The letter concluded by saying, "If you have already attempted to resolve your questions following the above procedures, send this office verifying documentation and your petition."

The parties later went through the same steps in which the appellant was advised on July 7, 1984:

> Should the above procedures prove unsuccessful, send the office verifying documentation and your petition. Petitions without verifying documentation will not be reviewed.
>
> For the reasons stated in the initial paragraph, your declaratory order request is denied without prejudice and the petition is returned. Resubmit it with the appropriate verifying documentation and your request will be reviewed in accordance with the Uniform Administrative Procedures Act in T.C.A. § 5-4-101 et. seq.

---

[1]Rule 10(b) of the Rules of the Court of Appeals reads as follows:

The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

Even before receiving the Department's July 7, 1994 letter, the appellant filed his petition in the chancery court.

- 3 -

Under Tenn. Code Ann. § 4-5-224(b) a declaratory judgment may be sought in the chancery court only after the agency has refused to issue a declaratory order. While it might be argued that the Department has refused to issue the order by requiring the appellant to go through the administrative channels, we think the better view of the situation is that the Department has merely asked for verification that the appellant has been through all the steps that make his petition ripe for consideration. By failing to provide that verification the appellant has failed to exhaust his administrative remedies.

We affirm the decision of the chancery court and remand the cause to that court for any further proceedings that may become necessary. Tax the costs on appeal to the appellant.

_____
                    BEN H. CANTRELL, JUDGE

CONCUR:

_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION

_____
SAMUEL L. LEWIS, JUDGE